IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| AHMED KAMARA | : | NO. 14-265-1 |

MEMORANDUM

Bartle, J.                                                 May 26, 2021

      The court has before it the motion of defendant Ahmed Kamara for compassionate release under 18 U.S.C. § 3582(c)(1)(A).

I

      On July 18, 2016, defendant pleaded guilty to conspiracy to aid and assist in the preparation of false federal income tax returns (18 U.S.C. § 371), six counts of aiding or assisting in the preparation of false federal income tax returns (26 U.S.C. § 7206(2)), one count of wire fraud (18 U.S.C. § 1343), one count of aggravated identify theft (18 U.S.C. § 1028A), and four counts of filing false federal income tax returns (26 U.S.C. § 7206(1)). These charges relate to defendant's participation in a conspiracy to defraud the Internal Revenue Service through the filing of fraudulent tax returns over a three-year period involving refunds totaling $6,346,971.

      On April 10, 2017, the court sentenced defendant to eighty-four months imprisonment followed by three years of

supervised release.  Defendant is currently serving his sentence at Federal Correctional Institute Beckley ("FCI Beckley") in Beaver, West Virginia with an estimated release date of March 22, 2022.  He has served sixty-one months and has a credit of nine months for good conduct for a total time served of seventy-two months.  He has not committed any disciplinary infractions while in custody.

Defendant filed a pro se letter seeking compassionate release on September 18, 2020 which the court denied on October 29, 2020 for failure to exhaust administrative remedies. Defendant thereafter demonstrated proof that he had exhausted his administrative remedies.  The court entered an order on December 2, 2020 stating that defendant was entitled to file a second motion for compassionate release.  Defendant retained counsel and subsequently filed this present motion for compassionate release.

II

Defendant's motion for compassionate release relies on § 3582(c)(1)(A) as recently amended by the First Step Act.  That statute provides, in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that—
> (1)  in any case—
>     (A)  the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a

2

> failure of the Bureau of Prisons to
> bring a motion on the defendant's behalf
> or the lapse of 30 days from the receipt
> of such a request by the warden of the
> defendant's facility, whichever is
> earlier, may reduce the term of
> imprisonment (and may impose a term of
> probation or supervised release with or
> without conditions that does not exceed
> the unserved portion of the original
> term of imprisonment), after considering
> the factors set forth in section 3553(a)
> to the extent that they are applicable,
> if it finds that—
>> (i) extraordinary and compelling
>> reasons warrant such a reduction
>> . . .
>
> and that such reduction is consistent
> with applicable policy statements issued
> by the Sentencing Commission.

Defendant has exhausted his administrative remedies. Therefore the court turns to the elements that a defendant must meet under § 3582(c)(1)(A)(i) to obtain a reduction in sentence. This section provides that a court may order compassionate release for "extraordinary and compelling reasons" but only if the reduction in sentence is "consistent with applicable policy statements of the Sentencing Commission."

Congress has also enacted 28 U.S.C. § 994(t) which provides:

> The Commission, in promulgating general
> policy statements regarding the sentencing
> modification provisions in section
> 3582(c)(1)(A) of title 18, shall describe
> what should be considered extraordinary and
> compelling reasons for sentence reduction,
> including the criteria to be applied and a
> list of specific examples. Rehabilitation of

3

> the defendant alone shall not be considered
> an extraordinary and compelling reason.

The application note 1(A) of section 1B1.13 of the Sentencing Guidelines explains that "extraordinary and compelling reasons" exist where the defendant is: (1) "suffering from a terminal illness" including among others "advanced dementia;" (2) "suffering from a serious physical or medical condition;" (3) "suffering from a serious functional or cognitive impairment;" or (4) "experiencing deteriorating physical or mental health because of the aging process." The latter three grounds also require that the impairment "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."

III

Defendant asserts that compassionate release should be granted because of his obesity and his pre-existing medical condition of Hepatitis B. Defendant avers that, according to the Centers for Disease Control and Prevention ("CDC"), his body mass index ("BMI") is at 37.3 which puts him at an increased risk of severe illness from COVID-19. He also claims that Hepatitis B might present an increased risk. In support of his motion, defendant cites Unites States v. Nunez in which a district court in this district granted compassionate release for a defendant with a BMI of 36.7 in light of the risk his

4

condition posed during a global pandemic. 483 F. Supp. 3d 280 (E.D. Pa. 2020).

In support of his motion, defendant alleges that he has no history of violence and that he has been a model prisoner. He claims that it is "unlikely that he could replicate his crimes" since the business he worked for in committing those crimes is defunct. Finally, he asserts that he has a "solid history of skills and a reliable release plan." Defendant notes that he does have an Immigration and Customs Enforcement detainer that might make him ineligible for home confinement under Bureau of Prisons guidelines but that the detainer does not make him ineligible for compassionate release.

According to the Government, defendant's medical records disclose that he weighs 260 pounds and that he has Hepatitis B and latent tuberculosis. The Government concedes that his BMI increases his risk of severe illness from COVID-19 according to the CDC and that this condition without a vaccine presents an "extraordinary and compelling reason" for consideration of compassionate release. It avers that defendant's Hepatitis B and latent tuberculosis are not listed as risk factors according to the CDC.

However, the Government argues that, despite his BMI, defendant should not be entitled to relief since he has been fully vaccinated. According to the Government, the

5

circumstances that posed a risk of defendant contracting a "serious physical or medical condition" no longer exist. The Government includes results from numerous studies on the effectiveness of the COVID-19 vaccine, specifically the two-dose Pfizer vaccine that was administered to defendant on April 6, 2021 and April 27, 2021. These studies have confirmed that the vaccine is 91.3% effective against COVID-19 and 100% effective against severe disease resulting from COVID-19. Accordingly, the Government argues that without a shift in the scientific views of the efficacy of the COVID-19 vaccines, defendant's vaccination status precludes a finding of an "extraordinary and compelling" reason to grant compassionate release based on the COVID-19 pandemic.[1]

The Government further avers that defendant should not be granted compassionate release even if he was not yet vaccinated because of the seriousness of his crime in using the personal information of approximately forty-three children in foster care to defraud the federal government of $6,346,971.

The court is, of course, mindful of the devastating worldwide pandemic and the special dangers the highly contagious coronavirus poses for defendant and all others in prison. However, the COVID-19 pandemic does not warrant the release of

---

1. The Government asserts that should the scientific consensus on the efficacy of the Pfizer vaccine change then defendant would be free to file another motion for compassionate release.

every federal prisoner with health conditions that make them more susceptible to the disease. See United States v. Roeder, 2020 WL 1545872, at *3 (3d Cir. Apr. 1, 2020). The Bureau of Prisons, including FCI Beckley, has in place protocols to deal with this disease, and the Attorney General has issued two directives to the Bureau of Prisons concerning early release of inmates.

Although the court acknowledges that defendant has a high BMI which the CDC recognizes as a risk factor for more serious cases of COVID-19, the court's analysis does not end there. Significantly, and unlike the defendant in Nunez, defendant has been inoculated against COVID-19 with a highly effective vaccine. As such he is not currently at risk of developing a serious case of COVID-19. There are therefore not any "extraordinary and compelling reasons" to reduce his sentence by granting compassionate release pursuant to § 3582(c)(1)(A).

Moreover § 3582(c)(1)(A) requires the court to consider the "factors set forth in § 3553(a) to the extent they are applicable" before the court may reduce his sentence. These factors include the need to: "reflect the nature and circumstances of the offense and the history and characteristics of the defendant;" "reflect the seriousness of the offense;"

"promote respect of the law;" and "afford adequate deterrence to criminal conduct."

While the court accepts defendant's representation that he has maintained good behavior in prison and that his underlying offense was not one of violence, these factors alone do not allow for his release. Under 28 U.S.C. § 994(t), Congress has made it clear: "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" for compassionate release. In any event, his rehabilitation does not outweigh other § 3553(a) factors which support the need for him to serve the sentence imposed.

The court cannot ignore the seriousness of defendant's offense. As previously noted, defendant pleaded guilty to an extensive conspiracy that stole the identity of children in foster care and defrauded the government of millions of dollars. Releasing defendant now would not appropriately reflect the nature and circumstances of his offense, promote just punishment, or afford adequate deterrence to criminal conduct. See § 3553(a).

The court, taking all the relevant facts into account, particularly defendant's inoculation against the virus caused by COVID-19, finds that Ahmed Kamara has not established extraordinary and compelling reasons that warrant his entitlement to compassionate release. Accordingly, the court

8

will deny the motion of defendant for compassionate release under 18 U.S.C. § 3582(c)(1)(A).